**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TENNESSEE IMMIGRANT AND REFUGEE RIGHTS COALITION, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. ____________________** |
| | ) | |
| **TENNESSEE HIGHWAY PATROL, *et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANTS' NOTICE OF REMOVAL**

---

Defendants Tennessee Highway Patrol, the Tennessee Department of Safety and Homeland Security ("Dept. of Safety"), Dept. of Safety Commissioner Jeff Long, and Dept. of Safety Deputy Commissioner Colonel Matt Perry (collectively "Removing Defendants") give notice of removal of the Davidson County Chancery Court case styled *Tennessee Immigrant and Refugee Rights Coalition, et al. v. Tennessee Highway Patrol, et al.*, No. 26-0651-III, to the United States District Court for the Middle District of Tennessee, Nashville Division. Defendants remove this case under 28 U.S.C. §§ 1441 and 1446. All documents filed in the state court action are attached as Exhibit 1. A Notice of Removal will be filed in the Chancery Court and served on Plaintiffs, in accordance with 28 U.S.C. § 1446(d).

Plaintiffs, an immigrant advocacy group and several Tennessee taxpayers, filed this action in Davidson County Chancery Court on May 19, 2026. They served the lawsuit on May 22, 2026. Thus, removal is timely under 28 U.S.C. § 1446(b).

Plaintiffs allege that Defendants violated their Fourth and Fourteenth Amendment rights, as well as the constitutional rights of others, by working alongside federal law enforcement agents

who were enforcing federal immigration law. They seek declaratory and injunctive relief as well as costs and attorney's fees. Thus, Plaintiffs allege that Defendants are liable for violations of civil rights under 42 U.S.C. § 1983. Plaintiffs also allege that Defendants' actions exceeded the statutory authority of the Tennessee Highway Patrol, and that their actions violated several provisions of the Tennessee Constitution. This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331 because they arise under the Constitution and laws of the United States, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

This action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because the matter was pending in Davidson County, Tennessee, which lies within this District and Division.

Upon information and belief, the Removing Defendants are the only Defendants served with the complaint in this matter, and the Removing Defendants file this Notice jointly in accordance with 28 U.S.C. § 1446. By filing this Notice of Removal, neither the State of Tennessee nor its officers or agencies waives the right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue; and the Removing Defendants specifically reserve their respective rights to assert all defenses and objections to which they may be entitled, including but not limited to sovereign immunity.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ John W. Ayers*
JOHN W. AYERS (BPR #037494)
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Office: (615) 741-3491
will.ayers@ag.tn.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been filed via the Court's electronic filing system and served by email and U.S. Mail on June 18, 2026, to:

Michael C. Holley
Spring Miller
Julio Colby
Tennessee Immigrant & Refugee Rights Coalition
3310 Ezell Road
Nashville, TN 37211
(615) 457-4768
mike@tnimmigrant.org
spring@tnimmigrant.org
julio@tnimmigrant.org

*/s/ John W. Ayers*
JOHN W. AYERS
Assistant Attorney General